IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br>    Plaintiff,<br>VS.<br><br>DERRICK CHIU, AND UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT,<br>    Defendants. | §<br>§<br>§<br>§  CIVIL ACTION NO.<br>§<br>§  4:25-cv-03883<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Nationstar Mortgage LLC ("Nationstar") complains of Defendants, Derrick Chiu and United States of America, on behalf of the Secretary of Housing and Urban Development, stating as follows:

### I.   PARTIES & JURISDICTION

1.   Nationstar is a limited liability company, and it may be served in this matter through its attorney of record.

2.   Defendant Derrick Chiu, on information and belief, is a resident of Harris County, Texas, which is in the Southern District of Texas, Houston Division and on information and belief, resides at 23306 Dovetail Colony Court, Katy, Texas 77493 and may be served with process at that address.

3.   Defendant, United States of America on behalf of the Secretary of Housing and Urban Development ("HUD"), can be served with process through the Associate General Counsel of Litigation at Office of Litigation, 451 Seventh Street, S.W., Washington, D.C. 20410.

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as Nationstar seeks to foreclose a lien on real property in which HUD, as an agency of the

United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

5.  The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Texas, has purposefully availed itself of the privilege of conducting activities within Texas, thus invoking the benefits and protections of its law. The exercise of personal jurisdiction over the Secretary is consistent with traditional notions of fair play and substantial justice.

6.  Venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II.   BREACH OF CONTRACT

7.  On January 28, 2022, Defendant Derrick Chiu made, executed and delivered to RMK Financial Corp. d/b/a Majestic Home Loan a certain Promissory Note ("Note"), in writing, whereby Defendant Derrick Chiu promised to pay R M K Financial Corp d/b/a Majestic Home Loan the amount of $275,971.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**.

8.  On January 28, 2022, Derrick Chiu executed a certain Deed of Trust ("Security

Instrument"), to secure the Note with certain real property, to wit:

> **LOT 10, BLOCK 1, KATY TRAILS SEC. 2, A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 682912 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

Said real property having a reported mailing address of 23306 Dovetail Colony Court, Katy, Texas 77493 ("Property"). By executing the Security Instrument, Derrick Chiu granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**. Nationstar is the record assignee of the Security Instrument under a certain Corporate Assignment of Deed of Trust ("Assignments"). A true and correct copy of the Assignment is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

9. The obligation evidenced by the Note and Security Instrument is also hereinafter referred to as the "Loan."

10. Derrick Chiu, to Nationstar's detriment, has failed and refused to pay amounts that have come due under the Loan, although repeated demands for payment have been made. Nationstar caused to be provided to Derrick Chiu proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), true and correct copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**. Each occurrence of non-performance by Derrick Chiu under the Loan as herein described is a breach thereunder.

11. Derrick Chiu's continued breach under the Loan has directly and proximately caused damages to Nationstar and the amounts due to Nationstar remain unpaid, and in that Nationstar is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

12. Derrick Chiu has not cured the default described in the Notices of Default.

Consequently, Nationstar has, and/or does hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. Nationstar's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, is $266,665.08.

13. For consideration, Derrick Chiu promised to repay the Loan in installments. Derrick Chiu breached such promise to the detriment of Nationstar. Thus, and in accordance with Texas Rule of Civil Procedure 735, Nationstar is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III. INTERESTS OF HUD AND OTHER SUBORDINATE LIENHOLDERS

14. Defendant HUD is named herein as a defendant because it claims an interest in the real property that is at issue herein under the terms of that certain Partial Claim Deed of Trust filed in the Harris County Real Property Records on July 3, 2023, as Instrument number: RP-2023-24790, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5,** and that certain Partial Claim Deed of Trust filed in the Harris County Real Property Records on December 8, 2023, as Instrument number RP-2023-462388, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 6**. These interests are subordinate and inferior to Nationstar's interests in the Property. Plaintiff is not seeking monetary relief from this Defendant.

### IV. CONDITIONS PRECEDENT

15. By virtue of filing this Complaint, Nationstar hereby accelerates all sums due under

the Loan and demands payment in full of the said amount.

16. Defendant Derrick Chiu's failure to comply with this demand entitles Nationstar to seek foreclosure of the Property. The 2024 Harris County Appraisal District's appraised value of the said real property is $266,665.08.

## V. ATTORNEYS' FEES

17. The Loan provides that in the event of foreclosure, and insofar as allowed by Texas Rule of Civil Procedure 735, Nationstar may be awarded all expenses incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by Nationstar because of the default or in order to protect its security interest. Nationstar has retained Marinosci Law Group, P.C., and agreed to pay it reasonable attorneys' fees and costs incurred relative to this proceeding and to protect Nationstar's security interest in the Loan.

**PRAYER**

WHEREFORE, Nationstar Loan Services, LLC prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to Nationstar for the Defendant Derrick Chiu's breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of Nationstar, and for all other relief Court deems appropriate.

DATE: <u>August 15, 2025</u>

Respectfully submitted,
MARINOSCI LAW GROUP, P.C.

<u>/s/ Bradley Conway</u>
Bradley Conway / State Bar No. 24055340
Sammy Hooda / State Bar No. 24064032
16415 Addison Road, Suite 725
Addison, Texas 75001
Phone: 401.234.9200
Fax: 972.331.5240
Email: bconway@mlg-defaultlaw.com
Email: shooda@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**NATIONSTAR MORTGAGE LLC**